Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
District of Maryland

_____SOUTHERN_ Division

☑ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

2:10 pm, Aug 09 2021
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

| | | |
|---|---|---|
| DERWIN ANTIONE PRITCHETT | ) | Case No. **PX 21CV2009** |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | ) | |
| RANDY TAYLOR CONSULTING LLC<br>RON McCARTHY<br>NOEL JOHNSON<br>JESSICA GOLUB | ) | |
| *Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Derwin Antione Pritchett |
| Street Address | 12202 Ashby Farm Court |
| City and County | Upper Marlboro, Prince George's County |
| State and Zip Code | Maryland, 20772 |
| Telephone Number | 410-262-0108 |
| E-mail Address | antnupe0320@yahoo.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Randy Taylor Consulting LLC |
| Job or Title *(if known)* | |
| Street Address | 8007 BAILEYS LANE |
| City and County | Pasadena, Anne Arundel County |
| State and Zip Code | Maryland, 21122 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Ron McCarthy |
| Job or Title *(if known)* | Director of Human Resources |
| Street Address | 8007 BAILEYS LANE |
| City and County | Pasadena, Anne Arundel County |
| State and Zip Code | Maryland, 21122 |
| Telephone Number | (480) 262-0810 |
| E-mail Address *(if known)* | rmccarthy@harvestinc.com |

Defendant No. 3

| | |
|---|---|
| Name | Noel Johnson |
| Job or Title *(if known)* | General Manager |
| Street Address | 8007 BAILEYS LANE |
| City and County | Pasadena, Anne Arundel County |
| State and Zip Code | Maryland, 21122 |
| Telephone Number | (301) 575-4791 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Jessica Golub |
| Job or Title *(if known)* | Assistant General Manager |
| Street Address | 8007 BAILEYS LANE |
| City and County | Pasadena, Anne Arundel County |
| State and Zip Code | Maryland, 21122 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Harvest HOC of Rockville Dispensary |
| Street Address | 12200 Rockville Pike |
| City and County | Rockville, Montgomery |
| State and Zip Code | Maryland, 20852 |
| Telephone Number | (301) 678-4744 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✔] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:

[✔] Relevant state law *(specify, if known)*:

Maryland Fair Employment Practices Act §20 – 606; MD Code, State Government, § 20-611

[ ] Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [x] Other acts *(specify):* Hostile Work environment; Denial of training; Harassment

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
10/24/2019-11/21/2019, 11/22/2019, 12/11/2019

C. I believe that defendant(s) *(check one)*:

- [ ] is/are still committing these acts against me.
- [x] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [x] race — African-American
- [ ] color
- [ ] gender/sex
- [ ] religion
- [ ] national origin
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [ ] disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

01/27/2020

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 05/11/2021

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/09/2021

Signature of Plaintiff
Printed Name of Plaintiff: Derwin Antione Pritchett

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

## *III. Statement of Claim*

The Plaintiff, Derwin Antione Pritchett, respectfully moves that the court grant an order to rule in favor of the Plaintiff and grant financial relief in the form on monies for compensatory damages and punitive damages in support thereof says the following:

### Count I: Denial of training

Made several requests for training to both my direct supervisor AGM Jessica Golub and my next level supervisor, GM Noel Johnson on the METRC system; a system that is part of regulatory monitoring for medical cannabis. Repeatedly denied trainings by AGM Jessica when requested and subsequently requested that GM Noel Johnson mandate that AGM Jessica Golub provide training. GM Noel Johnson mandated that AGM Jessica Golub provide the requested training on METRC system after several conversations on the topic, but AGM Jessica Golub never provided the training. AGM Jessica Golub had been previously passed over by another minority for her position and denying plaintiff training helped to ensure that she would receive the promotion. Although AGM Jessica Golub denied plaintiff trainings, AGM Jessica Golub was more than willing and eager to provide training to a co-worker named 'Austin', who is white.

### Count II: Hostile Work Environment

Instance occurred during a write-up where AGM Jessica Golub berated plaintiff in front of peer Phuong Le on 10/24/2019. AGM Jessica berated and badgered plaintiff into submitting that he could not remember who gave direction to proceed in the manner in which he was. AGM Jessica Golub even found evidence in the form of pictures to support plaintiff's claim that he had taken correct action as that was how he was trained. AGM Jessica Golub removed pictures and immediately threw them in the trash. AGM Jessica Golub proceeded to give plaintiff a written verbal warning. This took place in a public area in front of plaintiff's subordinates as AGM Jessica Golub blocked the management area in the vault where administrative actions such as the write-up would normally occur. Plaintiff spoke with GM Noel Johnson several times over the course of his employment about the way AGM Jessica Golub spoke to plaintiff and about the disrespectful and demeaning manner that she spoke to the plaintiff. No adverse actions were taken against AGM Jessica Golub.

### Count III: Harassment

AGM Jessica Golub rarely if ever interacted with the plaintiff except in those instances where she was berating, belittling, or criticizing the plaintiff. The harassment continued for almost a 1-month period where requests were made to GM Noel Johnson to take actions to resolve the issue. GM Noel Johnson never took any actions to correct AGM Jessica Golub's actions of harassment. AGM Jessica would reserve those moments of egregious harassment for when GM Noel Johnson was not in the building. Even when informed of the treatment received by plaintiff from AGM Jessica Golub, GM Noel Johnson failed to take any actions to correct issue until 11/22/2019

when plaintiff was at work location, and this included a conversation where AGM Jessica Golub got up and left during the conversation to the dismay of the plaintiff and GM Noel Johnson.

### Count IV: Retaliation

Plaintiff brought allegations of discriminatory practices to GM Noel Johnson on 11/22/2019 after AGM Jessica Golub left the vault area. Plaintiff explained that multiple customers had complained to him about AGM Jessica Golub's discriminatory treatment of them. Plaintiff then alleged that AGM Jessica Golub is either prejudice or a racist to which GM Noel Johnson requested examples of behavior. GM Noel Johnson was told by plaintiff that this situation would only get worse and that he should quit to not cause any more confusion or stress on Mr. Johnson. GM Noel Johnson stated that he would make it work. Plaintiff asked to be demoted so that he would have less interactions with AGM Jessica Golub. Allegations of mistreatment towards medical patients in the state of Maryland can cause your license to be revoked at worse and simply fined at best. To this end the plaintiff was suspended with pay without an explanation as to why he was being placed on administrative leave and even when contacting GM Noel Johnson there was no explanation available. The HR investigator, Ron McCarthy did not speak to the plaintiff until (December 3, 2019) 11 days after the allegations to GM Noel Johnson were made (11/22/2019). Ron McCarthy explained during his investigation that there were 3 main issues with the plaintiff including being difficult to work with, confrontations that stem from personality conflicts between the plaintiff and AGM Jessica Golub, and unsubstantiated claims of discrimination against plaintiff's co-workers. Ron McCarthy even stated during investigative call that talking about race makes people uncomfortable. The claims were made by plaintiff, and he was solely the person who could have provided evidence to the extent of the discrimination that was occurring, but Plaintiff's claims were immediately called "unsubstantiated" even though Ron McCarthy never spoke to the Plaintiff about the allegations except to tell Plaintiff that they were unsubstantiated. This call to HR and discussions with Ron McCarthy happened after plaintiff had privately made allegations of racial impropriety to GM Noel Johnson.

### Count V: Termination

Plaintiff was terminated without cause or explanation on December 11, 2019, even after speaking with Ron McCarthy. Plaintiff repeatedly asked why he was terminated, and Ron McCarthy advised that he would need to speak with his legal department as to whether he could disclose why plaintiff was terminated. Plaintiff tried innumerable times during investigation to speak with Ron McCarthy but was only given limited time to present his side of the facts and was often cut short on points as to the true nature of events that unfolded that precipitated the investigation. During call with Ron McCarthy that plaintiff explained that he had been trying to contact him so that Mr. McCarthy could hear the details from his perspective. When told of termination, plaintiff asked if there was nothing that he could have said during the investigation where his side was heard that would have changed the decision to terminate to which Mr. McCarthy replied, "No". RTC decided to terminate Plaintiff's employment after conducting a 'finding fact' investigation.

### Count VI: Intentional Infliction of Emotional Distress

8

Defendants' conduct described was extreme and outrageous. Defendants' conduct described above was intentionally, or in reckless disregard of plaintiff's rights to be free of such illegal conduct. Defendants' conduct caused and continues to cause plaintiff severe emotional distress for which Plaintiff was hospitalized for as a result. Defendants' conduct was knowingly wrongful, malicious, and wanton. Plaintiff has been damaged by this misconduct and seeks all available compensatory and punitive damages.

### Count VII: Negligent Hiring, Training, and Supervision

Defendant RTC was the employer of AGM Jessica Golub and GM Noel Johnson. Defendants failed to use ordinary care in the hiring, retention and training of AGM Jessica Golub and GM Noel Johnson. Defendants' conduct as alleged here was wanton, reckless and in complete disregard of plaintiff's rights to be free of retaliation for reporting such misconduct. As a direct and proximate cause of these Defendants' negligence, Plaintiff has suffered damages in an amount to be proven at trial.

## *III. Statement of Claim*

### *E. Facts of the Case*

1) This is an action for damages arising from the violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and Maryland state law of Maryland Fair Employment Practices Act §20–606 & § 20-611 for discriminatory and retaliatory discharge suffered by Plaintiff for reporting discriminatory practices of Plaintiff's direct supervisor directed at him and patients that visit the dispensary, after which he was fired under the pretense of being fired for workplace violence, which was only revealed to Plaintiff after EEOC investigation filed, and arbitration failed which appears to be a classic instance of pretext.
2) Jurisdiction and venue are proper in this court as all acts complained of occurred in Maryland.
3) Defendant Randy Taylor Consulting LLC [hereafter RTC] is an Arizona Limited Liability Company with a registered agent for service of process, REGISTERED AGENT SOLUTIONS, INC. 8007 BAILEYS LANE,PASADENA MD 21122.
4) Defendant Ron McCarthy is Director of Human Resources of Randy Taylor Consulting LLC.
5) Defendant Noel Johnson is the General Manager of Harvest House of Cannabis Dispensary, operated by RTC and resides in the state of Maryland.
6) Defendant Jessica Golub is the Assistant General Manager of Harvest House of Cannabis Dispensary, operated by RTC and resides in the state of Maryland.
7) Plaintiff resides in Prince George's County, Maryland.
8) Derwin began working for RTC in October 2019.
9) Derwin was originally hired to be a bud-tender but on recommendations of GM Noel Johnson he was then promoted to Assistant Manager before his first day of work at the dispensary.
10) Plaintiff was only African America male that worked at the dispensary, with one African American woman as a part of the entire staff who was part-time.
11) Derwin discussed his long-term goals of eventually being able to run the dispensary and use the knowledge he was gaining from the University of Maryland's School of Pharmacy Medical Cannabis Science and Therapeutics Master's Degree program, the first in the world.
12) Derwin was given special access to the cultivation center on his second day (October 1, 2019) with the company that only GM Noel Johnson had seen, and this caused immediate tension between AGM Jessica Golub and the Plaintiff.
13) Before his termination on December 11, 2019, Derwin was a great employee who was disciplined via a written verbal warning for failing to follow a dispensary procedure near the start of his employment but had been given increased responsibility since the write-up including handling all customer facing tasks up to and including training new budtenders (new hires).
14) Derwin was constantly exposed to a hostile work environment from the start of his employment from AGM Jessica who only communicated with Plaintiff in order to reprimand him and not socially as she did with every other employee, even if the Plaintiff and AGM

10

Jessica were in a small, confined space such as the front patient intake area she would only speak with Plaintiff to reprimand or if he spoke directly to her in front of other people.
15) Defendant Jessica Golub would not provide training to the Plaintiff when requested by Plaintiff or even when she was directed to do so by her superior GM Noel.
16) Defendant Noel Johnson knew of the tension, resentment, and mistreatment that the Plaintiff suffered at the hands of AGM Jessica but did not take any actions to resolve the contention although he stated many times that he would help resolve the tension.
17) Plaintiff repeatedly asked GM Noel to promote AGM Jessica in the hopes that having the title might help to mitigate the issues between Plaintiff and AGM Jessica as he would no longer be a threat to her position of authority.
18) Plaintiff was main point of contact for customer/patients that entered the dispensary and fielded multiple complaints of racial discrimination and bias against AGM Jessica.
19) Plaintiff informed GM Noel about the allegations of racial discrimination levied by patients/customers and at the same time levied his own allegations about AGM Jessica being prejudice at best and racist at worst for her conduct.
20) Plaintiff requested to be demoted to budtender when speaking with GM Noel in hopes of having minimal contact with AGM Jessica but this option was refused as GM Noel said that he would take care of it.
21) Plaintiff expressed his frustration and explained the stress of working for someone who you feel mistreats you for the color of your skin and nothing happens to them.
22) Plaintiff advised GM Noel that he would resign if the situation could not be alleviated.
23) Another employee heard Plaintiff levy allegations of racial impropriety on November 22, 2019, and after Plaintiff left the dispensary, AGM Jessica Golub and/or another associate called HR and levied an allegation that Plaintiff would only find out later to be an allegation of workplace violence.
24) Investigator Ron McCarthy did not even speak with the Plaintiff until 11 days after the allegations of racial impropriety were made to GM Noel only to find that the investigation was not about the allegations that the Plaintiff levied but some other allegation; when asked there were 3 main points and none of the points ended up being the reason for termination.
25) During investigation by Director of Human Resources Ron McCarthy there were multiply delays and lack of information as the investigation was prefaced on 3 issues being that the Plaintiff was difficult to work with, Confrontational with the AGM Jessica, and had levied unsubstantiated claims of racial bias that could not have been substantiated since the only person who know of the claims was the Plaintiff to whom Ron never posed any question about nor did any fact finding to ascertain the Plaintiff's credibility on the allegations.
26) Investigator Ron McCarthy was unresponsive to requests by Plaintiff to provide details about the hostile work environment that Plaintiff was experiencing along with not allowing adequate time to hear from the Plaintiff about his experience, he was only allowed to refute whatever vague allegation Ron would allude to, but Ron did not have time to note any issues that the Plaintiff had.
27) Repeatedly Plaintiff tried communicating with Ron McCarthy via text and phone calls but to no avail until a decision was reached but even after decision was reached, Ron was unable to

provide a basis for termination except to say that he had to get permission from his legal department to disclose Plaintiff's reason for termination.
28) Ron McCarthy was taking any and all actions on behalf of RTC as he is the Director of Human Resources
29) Termination by RTC on December 11, 2019, caused traumatic and severe emotional distress that caused Plaintiff to be hospitalized for a period of time.
30) RTC is ultimately responsible for the actions of the Director of Human Resources Ron McCarthy, the General Manager of Harvest House of Cannabis Rockville Noel Johnson, and the Assistant General Manager of Harvest House of Cannabis Rockville Jessica Golub

For the reasons stated, Derwin Antione Pritchett requests that the court enter judgment on all relief sought, for compensatory and punitive damages as allowed by law, for prejudgment and post-judgment interest, possible future attorneys' fees, costs and expenses of this lawsuit, and for such other relief to which the court finds her entitled. These include:

**Compensatory damages:**
Wages: $7,920  (($18/hr X 40) 11 weeks until new job)
Insurance benefits: $9,000 (3 months@ $3,000/month-Previous Employer COBRA Plan)
Hospital Stay: $27,000 ($9,000 x 3 day stay)
Court Costs: $720 (Filing fee-$420.00; Service of summons[using 3rd party service] (4 x $75.00))

**Punitive Damages:**
Severe Emotional Distress caused by termination that caused Plaintiff to be hospitalized: $25,000
Continued distress and continued use of medications due to termination: $25,000

13